# United States District Court

MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 NOV 22 A 10: 27
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**UNITED STATES OF AMERICA**

v.

**JORGE GONZALEZ**

**CRIMINAL COMPLAINT**

CASE NUMBER: 2:06mj 132-DRB

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __November 21, 2006__ in __Montgomery__ county, in the **Middle** District of **Alabama** defendant(s) did, (Track Statutory Language of Offense)

  smuggle a bulk cash amount into or out of the United States

in violation of Title __31__ United States Code, Section(s) __5332__.

I further state that I am a(n) __ABI Agent__ and that this complaint is based on the following facts:
                              Official Title

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

**November 22, 2006**                                    at   **Montgomery, Alabama**
Date                                                          City and State

**DELORES R. BOYD, U.S. Magistrate Judge**               _____
Name and Title of Judicial Officer                       Signature of Judicial Officer

## AFFIDAVIT

Affiant, Robert Thornton, being first duly sworn, does hereby state and affirm that:

1. He is an Alabama State Trooper, assigned as an agent for the Alabama Bureau of Investigation's Narcotics Operations Service and detailed to the Major Investigation Team of the High Intensity Drug Trafficking Area Task Force (HIDTA), located at the Investigative Operations Center in Montgomery, Alabama. Agent Thornton is cross-designated and federally deputized as an agent of the United States Drug Enforcement Administration (DEA), which empowers him with authority under Title 21, United States Code, to conduct investigations and make arrests of those suspected of involvement in illegal activity pertaining to violations of federal law. He has twenty-six years of law enforcement experience, in which, the past thirteen have been extensively directed in narcotics investigations. The facts and information in this affidavit are based on Agent Thornton's personal knowledge and the knowledge of other law enforcement officers.

2. On Tuesday, November 21, 2006, Alabama State Trooper Chris Faulk was working traffic enforcement in Montgomery County, Alabama. At approximately 9:30am, Trooper Faulk was parked in the median of Interstate 85 near the 16 mile marker when he observed a tractor trailer traveling south on Interstate 85. As the vehicle passed, Trooper Faulk observed the vehicle swerve over onto the fog line. Trooper Faulk pursued the vehicle and affected a traffic stop of the vehicle near the 12 mile marker of the south bound lane of Interstate 85.

3. Once the vehicle was stopped, the driver immediately exited the cab of the truck. Trooper Faulk asked the driver for his driver license, log book and bill of laden.

The driver was identified as Jorge GONZALEZ of San Juan, Texas. Trooper Faulk advised GONZALEZ of the reason for the traffic stop and asked GONZALEZ had he been drinking or driving for a long period of time. GONZALEZ stated, "No". Trooper Faulk then asked Gonzalez where he was coming from and where he was going. GONZALEZ said he was coming from North Carolina and going to Pharr, Texas.

4. Trooper Faulk then asked GONZALEZ if there were any weapons or illegal narcotics in the vehicle. GONZALEZ stated, "No". Trooper Faulk then asked GONZALEZ if there were any large sums of currency in the vehicle. GONZALEZ then became very nervous and hesitated before answering, "No". Trooper Faulk then asked GONZALEZ had he ever been arrested for anything before. GONZALEZ said he had been arrested for personal use of cocaine and for DUI. Trooper Faulk then ran GONZALEZ and the vehicle through BLOC/HIDTA.

5. Trooper Faulk then asked GONZALEZ for consent to search the vehicle. GONZALEZ, appearing very nervous, told Trooper Faulk that his personal things were in the tractor. Trooper Faulk explained to GONZALEZ that he did not have to give consent if he (GONZALEZ) did not want to. GONZALEZ said that the trailer could be searched, but not the tractor. Trooper Faulk then called for a K-9 unit to assist with the stop. Trooper Andy Sutley arrived at the scene to assist with the search. Trooper Faulk was then contacted by BLOC/HIDTA regarding his earlier inquiry in reference to GONZALEZ and the vehicle. BLOC/HIDTA advised Trooper Faulk of GONZALEZ's prior arrest and that the tractor and trailer were on watch for smuggling illegal narcotics.

6. Trooper Sutley's K-9 gave a positive alert for the odor of narcotics on the outside and inside of the tractor. A search of the tractor was then conducted and a cardboard box was located behind the top bunk in the sleeper area of the tractor. Inside of the cardboard box were a total of fourteen (14) individually wrapped bundles all containing assorted U.S. Currency. One of the bundles had the number "3000" written on the outside of the wrapping. The box containing the currency was removed from the inside of the tractor and Trooper Sutley's K-9 was deployed on the box containing the currency and gave a "positive" alert for the presence of the odor of narcotics. While being questioned as to his travel itinerary, GONZALEZ advised Trooper Sutley that he had delivered ten (10) kilograms of cocaine to North Carolina and was taking the payment (currency) back to Texas. GONZALEZ advised Trooper Sutley that the total currency amount was $130,000.00. GONZALEZ was detained for further investigation and advised of his rights by Trooper Faulk. GONZALEZ, along with the vehicle and the currency, were transported to the Alabama Department of Public Safety Auto Shop (the "Auto Shop")

7. The affiant met Trooper Faulk at the Auto Shop and was advised of the circumstance surrounding the traffic stop. The affiant subsequently transported GONZALEZ to the HIDTA Group 40 Office for processing. Upon arrival at the Group 40 Office GONZALEZ was read and explained his rights by the affiant at 11:50 a.m., which was witnessed by Group 40 Supervisor Mike Bulgrin. GONZALEZ signed the rights waiver and gave a handwritten statement. In the statement, GONZALEZ stated that he delivered ten (10) kilograms of cocaine to

Highpoint, North Carolina. GONZALEZ stated he was enlisted to transport the cocaine by an individual name Mundo Pena. GONZALEZ stated that he delivered the cocaine to Pena in Highpoint, North Carolina. GONZALEZ stated that upon delivering the cocaine to Pena, Pena gave GONZALEZ what GONZALEZ stated was $130,000.00. GONZALEZ stated he was going to take the currency to Reynosa Tamulipas, Mexico and give it to Pena.

8. While talking with Immigrations Customs and Enforcement (ICE) Special Agent David Henderson, GONZALEZ stated he was going smuggle the currency into Mexico. When asked by SA Henderson how he was going to do it, GONZALEZ stated he would wait until there was no inspector working the outbound lanes from the United States into Mexico and do it then. GONZALEZ advised SA Henderson that he had no intentions of declaring the currency.

9. Once at the Group 40 Office, the affiant took photographs of the currency. The currency was then transported to the bank by Trooper Faulk and DEA Special Agent Bret Hamilton where it was counted and converted into a cashier's check which was relinquished to the custody of the affiant. The total amount of the currency was $132,615.00. Let it be noted that seven (7) of the bundles containing the currency were sealed inside of clear plastic vacuum sealed bags and seven (7) of the bundles containing the currency were sealed inside of clear plastic vacuum sealed bags and wrapped inside of brown packing tape. All of the currency contained inside of the bundles was wrapped with sheets of fabric softener.

10. Based upon my training and experience in investigations of persons involved in the smuggling and trafficking of controlled substances and in the laundering of the proceeds of those controlled substances, I have reason to believe that individuals are employed by persons, who may or may not be known to them to travel long distances for the purposes of transporting packages or vehicles which they know or have reason to believe are involved in the transportation of narcotics or controlled substances and/or currency which represents the proceeds of the sale of illicit substances.

11. Based upon the statement of facts and circumstances set forth herein, I have probable cause to believe that on Tuesday, November 21, 2006, in the Middle District of Alabama, Jorge GONZALEZ, committed a violation of Title 31, United States Code, Section 5332 (Bulk Cash Smuggling Into or Out of the United States) in that while having the intent to evade a currency reporting requirement, he knowingly concealed more than $10,000.00 in currency in a conveyance and attempted to transport it from a place within the United States to a place outside the United States.

_____
Robert Thornton, Affiant
Alabama Bureau of Investigation


Sworn to and subscribed before me this 22nd day of November 2006.

_____
Delores R. Boyd
United States Magistrate Judge