Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

June 02, 2008

**Appeal Number: 07-14651-JJ**
Case Style: USA v. Jorge Gonzalez
District Court Number:  06-00295 CR-F-N

TO:   Debra P. Hackett

CC:   Michael John Petersen

CC:   Sandra J. Stewart

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

June 02, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

**Appeal Number: 07-14651-JJ**
Case Style: USA v. Jorge Gonzalez
District Court Number:  06-00295 CR-F-N

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 07-14651

District Court Docket No.
06-00295-CR-F-N

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2008
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

JORGE GONZALEZ,

    Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Alabama

-----------------------------------------------------------------

J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUN 0 2 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: May 2, 2008
For the Court: Thomas K. Kahn, Clerk
By: Harper, Toni

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-14651
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00295-CR-F-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE GONZALEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

(May 2, 2008)

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Jorge Gonzalez appeals his conviction on one count of bulk cash smuggling, a violation of 31 U.S.C. § 5332(a)(1). On appeal, he argues the district court erred

by denying his motion to suppress evidence that was seized during a traffic stop of his vehicle. After careful review, we affirm.

"In reviewing a district court's denial of a motion to suppress, we review its findings of fact for clear error and its application of law to those facts de novo." United States v. Ramirez, 476 F.3d 1231, 1235 (11th Cir.), cert. denied, 127 S. Ct. 2924 (2007). "[A]ll facts are construed in the light most favorable to the party prevailing in the district court . . . ." Id. at 1235-36.

The relevant facts are these. On December 13, 2006, Gonzalez was indicted on one count of bulk cash smuggling, a violation of 31 U.S.C. § 5332(a)(1). The indictment charged that Gonzalez concealed $132,615.00 in United States currency in his tractor-trailer, with the intent to evade currency-reporting requirements and to smuggle the money from the United States into Mexico. Gonzalez moved to suppress all physical evidence that was seized and statements that were obtained during a traffic stop of his tractor-trailer. He argued that he was unlawfully detained beyond the time that was necessary to complete the stop and while the officer who stopped his vehicle awaited the arrival of a canine unit. Gonzalez also claimed that his subsequent consent to the search of his vehicle was the product of an unlawful detention and was ineffective to justify the search.

The district court conducted an evidentiary hearing on the suppression motion. The government presented the following evidence in opposition to suppression. Trooper Chris Faulk, of the Alabama Highway Patrol, conducted a stop of Gonzalez's tractor-trailer for improper lane usage, after he observed the tractor-trailer cross over the fog line while passing him on the interstate. By the time Faulk parked behind the vehicle, the driver, Gonzalez, was already standing behind the tractor-trailer. Gonzalez approached Trooper Faulk with his paperwork, and Faulk asked Gonzalez to sit in the front passenger seat of the patrol car. Trooper Faulk told Gonzalez why he had been stopped and asked Gonzalez if he had been drinking or had been driving for a long period of time. Faulk also inquired into Gonzalez's destination and point of origin. Faulk then indicated that he was going to issue Gonzalez a warning, and he asked if Gonzalez had been arrested before. Gonzalez stated that he had been arrested for cocaine and driving under the influence.

Trooper Faulk also asked if Gonzalez had any weapons, narcotics, or large sums of money in the tractor-trailer. Gonzalez replied that he did not, but Trooper Faulk noticed Gonzalez became nervous and acted noticeably different when responding to the question about the money. While Trooper Faulk was completing the traffic warning, he asked if Gonzalez would consent to a search of his vehicle,

but explained that Gonzalez did not have to consent. Gonzalez replied that Faulk could search the trailer unit but not the tractor.

At that point, Trooper Faulk called in a request for a computer check of Gonzalez's criminal history and vehicle information. He also requested the assistance of a canine unit. Faulk had not physically handed Gonzalez the traffic warning at this point. The canine trooper arrived and interviewed Gonzalez while Trooper Faulk received the results of the computer check. At some point just prior to the canine search, Faulk moved Gonzalez from the passenger seat of the patrol car to the back seat "[s]o that [Gonzalez] wouldn't have a chance to open the door and run on foot." Faulk and the canine trooper began the search, and the canine "alerted" to the outside of the door to the tractor. The canine trooper pulled the dog inside the tractor, and it alerted to an upper bunk. The officers let the bunk down, discovered a cardboard box that was taped up, and found bundles of money inside the box. At no point had Gonzalez revoked his consent. The time period between the initial stop and Gonzalez's arrest was approximately 20 minutes.

The magistrate judge recommended that the district court deny Gonzalez's motion to suppress. The magistrate judge found that the initial stop was lawful and that Trooper Faulk had not unreasonably extended the duration of the traffic stop. To that end, the magistrate judge found that "Gonzalez consented to the search of

the trailer before he had been given the warning ticket and within [8] to [10] minutes of the initiation of the traffic stop." Accordingly, the magistrate judge found that the pre-consent period was not unreasonably long. The magistrate judge also determined that "[o]nce Gonzalez gave his consent, the clock re-started for purposes of evaluating the reasonableness of the duration of the intrusion[,]" and that nothing in the record suggested Trooper Faulk unreasonably extended the stop after Gonzalez consented to the search. The magistrate judge further found that Gonzalez's detention in the back of the patrol car during the search did not constitute an arrest or otherwise render Trooper Faulk's actions unlawful. As for Gonzalez's contention that he was unable to withdraw his consent after being placed in the back of the patrol car, the magistrate judge found that Gonzalez's consent had been valid and there was no evidence suggesting that Gonzalez attempted to withdraw his consent during the search. The magistrate judge found "the fact that [Gonzalez] might not have been able to communicate withdrawal of consent . . . immaterial." Finally, the magistrate judge concluded that once the canine alerted to Gonzalez's tractor, the officers had probable cause to search it.

The district court entered an order adopting the magistrate judge's Report and Recommendation, over Gonzalez's objections, and denying the motion to suppress. Gonzalez then entered into a plea agreement, whereby he agreed to plead

5

guilty to one count of bulk cash smuggling, 31 U.S.C. § 5332(a)(1), but preserved his right to appeal the denial of his motion to suppress. This appeal followed.

A traffic stop is a limited seizure within the ambit of the Fourth Amendment's protection against unreasonable searches and seizures. United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001). Because a traffic stop "is more analogous to an investigative detention than a custodial arrest . . . we analyze the legality of these stops under the standard articulated in Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)." Id. (citations omitted). Accordingly, "an officer's actions during a traffic stop must be 'reasonably related in scope to the circumstances which justified the interference in the first place.'" Id. (quoting Terry, 392 U.S. at 20, 88 S. Ct. at 1879). Moreover, "[i]t is well established that officers conducting a traffic stop may 'take such steps as are reasonably necessary to protect their personal safety.'" Id. at 1277 (internal markings omitted) (quoting United States v. Hensley, 469 U.S. 221, 105 S. Ct. 675, 83 L. Ed. 2d 604 (1985)).

"[T]he duration of the traffic stop must be limited to the time necessary to effectuate the purpose of the stop." Id. (emphasis omitted). However, "[a]n officer conducting a routine traffic stop may request consent to search the vehicle." Id. at 1281. When the driver voluntarily consents to a search of his vehicle, "the remainder of the detention [is] consensual so long as the scope of the search [does]

6

not exceed the consent given." Id. at 1279 n.8. Thus, where the driver raises no issue concerning the scope or duration of the search, only the time period between the initial stop and the driver's consent is relevant to the reasonableness of the duration of the traffic stop. See id. at 1279; see also United States v. Hernandez, 418 F.3d 1206, 1209-10 (11th Cir. 2005) (reasoning that where a driver consents to a search of her vehicle and does not challenge the duration of the search, "it is only the intermediate period of . . . detention leading up to the consent to search that we must evaluate for constitutional reasonableness.").

In addition, the Supreme Court has held that "[a] dog sniff conducted during a concededly lawful traffic stop that reveals no information other than the location of a substance that no individual has any right to possess does not violate the Fourth Amendment." Illinois v. Caballes, 543 U.S. 405, 410 (2005). However, the Court assumed that a Fourth Amendment violation would occur if police conducted a dog sniff and uncovered contraband while an individual was unlawfully detained, e.g. "during an unreasonably prolonged traffic stop[.]" See id. at 407-08.

On appeal, Gonzalez first challenges the length of his detention prior to the arrival of the canine unit. Where, as here, a driver raises no issue concerning the scope or duration of a search to which he consented, only the time period between

the initial stop and the driver's consent is relevant to our review of the reasonableness of the duration of the traffic stop. See Purcell, 236 F.3d at 1279; see also Hernandez, 418 F.3d at 1209-10. During this time period, Trooper Faulk asked routine questions related to the nature of the traffic stop, and he had not yet finished filling out the traffic warning. Under these circumstances, a period of detention lasting 8 to 10 minutes was not unreasonable. See Purcell, 236 F.3d at 1277-79 (concluding that 14-minute period between the initial traffic stop and the driver's consent to the search of his car was not unreasonable, where the officer was waiting for the results from a computer background check and had not given the citation to the driver when the driver consented to the search of his vehicle); cf. Hernandez, 418 F.3d at 1212 n.7 (observing that "[w]here at its inception a traffic stop is a valid one for a violation of the law, we doubt that a resultant seizure of no more than seventeen minutes can ever be unconstitutional on account of its duration: the detention is too short.").

    We likewise are unpersuaded by Gonzalez's argument that the canine search of his vehicle was improper because his detention in the rear of Trooper Faulk's patrol car prior to the search, without probable cause or reasonable suspicion, transformed the legitimate, investigative stop into an unlawful seizure. Trooper Faulk testified that he moved Gonzalez into the back of the patrol car only after

Gonzalez had already consented to the search. While Gonzalez's freedom of movement was undoubtedly restrained, Faulk placed him in the rear of the patrol car for a matter of minutes so that he could not escape while the officers effectuated a <u>consensual</u> search of his vehicle along the side of an interstate highway. The placement of Gonzalez in the back of the patrol car was entirely consistent with the well-settled principle that "officers conducting a traffic stop may take such steps as are reasonably necessary to protect their personal safety." <u>Purcell</u>, 236 F.3d at 1277 (quotations and internal markings omitted).

In sum, Gonzalez has not shown that he was unlawfully detained prior to or during the search of his vehicle. The period of 8 to 10 minutes that elapsed between the initial stop and his consent to the search was not unreasonable. And his brief detention in the back of the patrol car for a matter of minutes, while the officers effectuated a consensual search of his vehicle along an interstate highway, was also not unreasonable under the circumstances. On this record, the district court did not err by denying the motion to suppress.

**AFFIRMED.**

A True Copy Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia